UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.    22-10023-CR-GAYLES/SNOW

UNITED STATES OF AMERICA

v.

WENDY C. KILHEFFER,

　　　　　　　Defendant.
_____/

PLEA AGREEMENT

The United States of America and **WENDY C. KILHEFFER,** (hereinafter referred to as the defendant") enter into the following agreement:

1.　The defendant agrees to plead guilty to the single Count of the Information filed against her, which count charges the defendant did knowingly and unlawfully taking a Key deer (*Odocoileus virginianus clavium*), an endangered species listed pursuant to the Endangered Species Act, by shooting, harming, and killing said Key deer, in violation of Title 50, Code of Federal Regulations, Section 17.21(c)(1) and Title 16, United States code, Sections 1538(a)(1)(B) and 1540(b)(1) and Title 18, United States Code, Section 2.

2.　The defendant is aware that the sentence will be imposed by the court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the court

1

relying in part on the results of a Pre-Sentence Investigation by the court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the court may depart from the advisory sentencing guideline range that it has computed and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the court is required to consider the advisory guideline range determined under the Sentencing Guidelines but is not bound to impose that sentence; the court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that the court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw her plea solely as a result of the sentence imposed.

3. The defendant also understands and acknowledges that the court may impose a statutory maximum term of imprisonment of up to 1 year with respect to the charge against her, followed by a term of supervised release of up to 1 year. In addition to a term of imprisonment and supervised release, the court may impose a fine of up to $100,000, or the greater of twice the pecuniary gain or loss arising under the relevant conduct and may order restitution.

4. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 3 of this agreement, a special assessment in the amount of $25.00 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing.

5. The United States agrees that although not binding on the Court, it will recommend

at sentencing that the court reduce the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility, for a reduction in defendant's offense level of -2 levels. However, the United States will not be required to make any of these sentencing recommendations if the defendant: (1) fails or refuses to make full, accurate, and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

6. The Office of the United States Attorney for the Southern District of Florida (hereinafter "Office") reserves the right to inform the court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

7. The defendant is aware that the sentence has not yet been determined by the court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office, or the court. The defendant understands further that any

recommendation that the government makes to the court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the court and the court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 2 above, that the defendant may not withdraw her plea based upon the court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

8. The defendant is aware that Title 18, United States Code, Section 3742 would normally afford the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings of the United States in this plea agreement, the defendant hereby waives all rights conferred by Section 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure from the advisory guideline range that the court establishes at sentencing. Subject to the preceding provision, this appeal waiver includes a waiver of the right to appeal the sentence on the ground that under the advisory Sentencing Guidelines range determined by the court, the sentence imposed in this case is not a reasonable sentence. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b). However, if the United States appeals the defendant's sentence pursuant to Section 3742(b), the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that she has discussed the appeal waiver set forth in this agreement with her attorney. The defendant further agrees, together with the United States, to request that the district court enter a specific finding that the defendant's

4

waiver of her right to appeal the sentence imposed in this case is knowing and voluntary.

9. This is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings.

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

Date: 01/12/2023

By: _____
Thomas A. Watts-FitzGerald
Assistant United States Attorney

Date: 1-13-23

By: _____
DAVID PAUL HORAN, ESQ.
ATTORNEY FOR DEFENDANT

Date: 1-13-23

By: _____
WENDY C. KILHEFFER
DEFENDANT